Harry A. Stewart Broward County General Counsel Fort Lauderdale
QUESTION:
In light of s. 197.214, F. S., which relates to a method of collecting special assessments, may a lien for unpaid special assessment charges be enforced by a method other than the sale of tax certificates and the procedures set forth in Ch. 197, F. S.?
SUMMARY:
Section 197.214, F. S., is not applicable to municipal service taxing or benefit units, and delinquent special assessment liens held by any such unit may be collected and enforced by a method other than the sale of tax certificates and the tax collection and enforcement procedures prescribed by Ch. 197, F. S., for ad valorem taxes.
Along with your letter requesting my opinion on the above question, you attached a copy of the proposed ordinance which the Broward County Board of County Commissioners is seeking to adopt. The special assessment that the county wishes to levy is an assessment for the purpose of collecting and disposing of garbage and trash within the municipal service taxing or benefit unit created for the unincorporated area of Broward County. Before answering your question, it is first necessary to determine if s. 197.214, F. S., which refers to the method of collecting special assessment liens on property in special districts, is applicable to special assessment liens on property in municipal service taxing or benefit units. Section 125.01(1)(q), F. S., does not entitle the `municipal service taxing or benefit units' as, or otherwise refer to such units as, `special districts.' Compare s.165.031(5), F. S., defining `special districts' for the purposes of the Formation of Local Governments Act, and s. 125.01(5), empowering the governing body of a county to establish `special districts' within which may be provided municipal services and facilities from funds derived from special assessments or taxes within such districts only.
The underlying issue is whether a municipal service taxing or benefit unit is a `special district' within the purview of and for purposes of s. 197.214, F. S. In Gallant v. Stephens,358 So.2d 536 (Fla. 1978), the Florida Supreme Court upheld the constitutionality of s. 125.01(1)(q) and (r), F. S., under the second sentence of s. 9(b), Art. VII, State Const., providing in pertinent part:
 . . . and for all other special districts a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation. A county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes. (Emphasis supplied.)
In reaching its decision the court concluded at p. 540 that:
 [T]he last sentence of Section 9(b) provides express authority for Sections 125.01(1)(q) and (1)(r), sanctioning taxing units as a method by which counties may tax to provide municipal services, within the 10 mill limit for `municipal purposes', without voter approval. Wholly independent of this county taxing power is the authority provided for `special districts' to meet the need for special purpose services in any geographical area which may (but need not) be within one county, under legislatively-set and voter-approved millage limitations. (Emphasis supplied.)
The obvious implication of this decision is that for ad valorem tax purposes a municipal service taxing or benefit unit is not the same as a special district within the meaning of the first sentence of s. 9(b), Art. VII of the State Constitution. If the levy of ad valorem taxes in a municipal service taxing or benefit unit is to be governed under the general taxing power of the county, the same logic should apply to the levy of special assessments by the county through a municipal service taxing or benefit unit. Thus, it would seem that s. 197.214, F. S., is not applicable to special assessment liens on property in municipal service taxing or benefit units. To hold otherwise would require reading something into the statute which the Legislature did not specifically include, i.e., special assessment liens on property in municipal service taxing or benefit units.
There is also some authority for taking the opposite position. Pursuant to the Uniform Local Government Financial Management and Reporting Act, part III of Ch. 218, F. S., a municipal service taxing or benefit unit would appear to fall within the definition of a special district set forth in s. 218.31(5) for the purpose of that act. Inasmuch as the board of county commissioners is the governing body of any municipal service taxing or benefit unit created pursuant to s. 125.01(1)(q) and (2), F. S., and, as such, establishes such unit's budget, a municipal service taxing or benefit unit would be a dependent special district for the purposes of part III of Ch. 218. Cf. AGO 077-21. However, it is important to keep in mind that part III of Ch. 218 is primarily concerned with the accurate reporting of finances by and within local governmental units (counties, municipalities, or special districts) and proper accounting and fiscal practices and procedures. This is not a statute concerned with a substantive definition for purposes of levying and collecting taxes or special assessments. Therefore, the Supreme Court's evaluation of the distinction between a special district and a municipal service taxing or benefit unit, as described in Gallant, supra, is more relevant to and should control your question.
In tracing the history of s. 197.214, F. S., I can find no indication that the Legislature intended to broaden the scope of that provision. Section 197.214 was originally adopted as enabling legislation, which gave the tax collectors the power to collect special assessments in special districts. Chapter 75-103, Laws of Florida, provided in its descriptive heading:
 AN ACT . . . creating a new s. 197.214, Florida Statutes, providing tax collectors with power to collect special assessment liens in the same manner as ad valorem taxes . . . .
The subsequent amendment of s. 197.214, F. S., made by the Legislature in Ch. 77-174, Laws of Florida, was primarily an editorial correction and did not create any substantive change in the statute.
In summary, I am of the opinion that s. 197.214, F. S., is not applicable to municipal service taxing or benefit units, and delinquent special assessment liens held by any such unit may be collected and enforced by a method other than the sale of tax certificates and the tax collection and enforcement procedures prescribed by Ch. 197, F. S., for ad valorem taxes.
Prepared by:
Linda C. Procta Assistant Attorney General